SEALE, Assignee, etc., *v.* VAIDEN, HAWKINS & ROBERTS and others.

*(District Court, N. D. Mississippi.* December Term, 1881.)

1. ASSIGNMENT FOR BENEFIT OF CREDITORS—UNLAWFUL PREFERENCE.

Where, in a deed of trust, the trustee is directed, *firstly,* to pay all the costs and expenses incidental to its execution; *secondly,* a note executed by the grantors to their attorneys; *thirdly,* to pay all the creditors who might apply within 30 days, 33⅓ per cent. on their debts, provided they would release the balance of their demands; *fourthly,* to pay all other creditors, who should apply within 60 days after said assignment was made, the amount due them in full, if there should be money sufficient for that purpose, and if not then a *pro rata* share to each, provided they should release the remainder of their debts, if any; *fifthly,* to all other creditors the amount due them, out of any surplus which may remain after the before-mentioned payments,—is fraudulent and void as against non-assenting creditors.

2. SAME—RIGHTS OF NON-ASSENTING CREDITORS.

When an assignment is made in which a participation in the assets is dependent upon entering a release of the remainder of the debt due, and there is no provision made for a distribution of the surplus among non-assenting creditors, such assignment is *per se* fraudulent and void.

3. CREDITORS, WHEN NOT BOUND.

Non-assenting creditors, not present at the time the deed of trust was executed, are in no way bound by the agreement of the assenting creditors to the release of a portion of their debts, in an assignment made by the debtor for their benefit.

HILL, D. J. This bill was filed by complainant against defendants and others, creditors of Abernathy & McCarley, in the chancery court of Chickasaw county, for the purpose of enjoining the defendants as creditors from proceeding by attachment to recover their debts out of the property conveyed by said debtors to complainant by trust deed exhibited with the bill. An injunction as prayed for was granted by the circuit judge of said district. The cause is removed to this court under the act of congress of 1875. The defendants Vaiden Hawkins & Roberts sued out an attachment against said Abernathy & McCarley in the circuit court of Chickasaw county, which had also been removed to this court, and is now pending. Said Vaiden, Hawkins & Roberts move in this court to dissolve said injunction so far as it relates to those attachment suits against said Abernathy & McCarley, upon the ground as alleged that, as to them, the assignment under which complainant holds is fraudulent and void. And this is the only question now presented for decision.

The provisions of the trust deed which it is alleged renders it fraudulent and void, are those relating to the order of distribution of the assets of said assigned property, and the conditions annexed to its reception by creditors. The trustee is directed—*First*, to pay all the costs and expenses of executing the trust; *secondly*, a note executed by the grantors to their attorneys for $500; *thirdly*, to pay to all the creditors who might apply within 30 days, 33⅓ per cent. on their debts, provided they would release the balance of their demands; *fourthly*, to pay all other creditors who should apply within 60 days after said assignment was made, the amount due then in full, if there should be money sufficient for that purpose, and if not, then a *pro rata* share to each, provided they should release the remainder of their debts, if any; *fifthly*, to all other creditors the amount due them, and of any surplus which might remain after the before-mentioned payments.

The schedule annexed to the trust deed, and which, for the consideration of the question now for decision, may be regarded as part of the conveyance, states the liabilities at $13,566.40, and the assets at $9,552.90; but in these estimates are embraced cotton in the hands of Vaiden, Hawkins & Roberts, estimated at $480, and in the hands

of Gardner, Gates & Co., valued at $1,680; and that the indebtedness to said Gardner, Gates & Co. is $3,177.86, and that to Vaiden, Hawkins & Co. $1,889.12. It is clear that these creditors had a lien upon the cotton in their hands, and a right to apply the proceeds to the payment of their accounts, which, when done, would reduce the amount of assets to $7,392.90, and would reduce the liabities to $11,456.40. Experience has shown, until it is almost a matter of judicial knowledge, that a remnant of a stock of goods and of debts can rarely, if ever, be made to realize more than half their nominal amount. The trust deed provides that the sum of $500 should be paid in full to the attorneys of the grantors; also the expenses of executing the trust, including $50 per month to the assignee. These expenses, at the least, will amount to $500, making in all at least $1,000 to be paid before any other creditors. The value of the assets, if placed at 50 cents on the dollar, would amount to $3,696.45; but, according to the proof of the assignee, they realized about $4,000, which shows better success than usual.

Deduct from this sum $1,000, would leave $3,000 for creditors. The proof is that five-sixths of the creditors in amount were present, and agreed to the assignment and to the reception of 33⅓ per cent. of the amount due them. This was done before the assignment was made. Thirty-three and one-third per cent. on the amount due these creditors, as shown by the schedules, amounts to the sum of $3,182.15, which would absorb all the remaining assets and leave nothing. So far as it relates to these accepting creditors there can be no doubt that the assignment is valid and binding, especially as they agreed to it before it was made, and before the grantor had parted with the assets and property conveyed.

The question is as to whether or not it is valid as to the non-assenting creditors, of whom Vaiden, Hawkins & Roberts compose a part. It is considered that when an assignment of this character is made, in which a participation in the assets is dependent upon entering a release of the remainder of the debt due, and there is no provision made for a distribution of the surplus among the non-assenting creditors, that such conveyance would *per se* be held fraudulent and void; but it is contended that the provision made for the third class of creditors avoids this result. Complainant's counsel, to sustain this position, rely upon the case of *Spalding* v. *Strong*, 37 N. Y. 135, and 38 N. Y. 10.

I am of opinion that the rule laid down in those cases goes to the verge in upholding these assignments; but in these cases the assignment is held valid because of the contract between the parties, and as a mode of preference by classes. I doubt that the court in these cases would have held the assignment valid, had it been shown upon the face of the assignment and schedule annexed to it, to a moral certainty, as in this case, that nothing would be left to the non-assenting creditors. The vice of the release demanded cannot be cured by a contingency which, it is apparent from the face of the conveyance, schedule, and proof, can never take place.

Vaiden, Hawkins & Roberts were not present when the assignment was agreed to by the assenting creditors, and are in no way bound by what they did, when we consider the creditors who, in amount, agreed to the assignment, and consequently to its terms, and the largest sum which the assets could reasonably be expected to produce. It was in effect saying, upon the part of the grantors, to their non-assenting creditors: Your participation in the property and assets conveyed, depends upon your releasing to us two-thirds or the remainder of your just demand against us. This is a demand not sustained by law, and which renders this conveyance fraudulent and void as against Vaiden, Hawkins & Roberts, the defendants who move to dissolve the injunction.

There has been produced no ruling by the supreme court of the United States upholding such an assignment as the one under consideration. The rulings upon assignments containing provisions for a release of the remainder of the creditor's debt, so far as they have come before the supreme court of this state, have been adverse to the validity of such assignments; so that this court is left free to pass upon the question presented upon its intrinsic merits. A careful consideration of the arguments and authorities cited by the learned counsel who have argued this case has led me to the conclusion above stated, and that is that, from the face of the conveyance, schedules, and the proof read in evidence by the complainant, the trust deed must be held fraudulent and void, and as conveying no title as against Vaiden, Hawkins & Roberts, and that as to them the injunction granted by the circuit judge should be dissolved, and they permitted to proceed with their attachment suit as though said conveyance had never been made. And it is so ordered, but only as to these parties; as to all others, the cause will remain as though this order had not been made.